OPINION OF THE COURT
David I. Schmidt, J.
Plaintiff moves for an order pursuant to CPLR 4404 setting aside that portion of the jury’s verdict that reduced plaintiffs award by 60% in accordance with an interrogatory that had been propounded to the jury over his objection.
Plaintiff commenced this action for false arrest against the defendant, the City of New York (City).
*655 The two police officers who effectuated the arrest of plaintiff testified at trial that at the time of the arrest they were involved in undercover narcotics work in an area in Brooklyn that was experiencing a large amount of drug-related activity. They claimed that plaintiff had been behaving suspiciously, appeared to possibly have a gun, and was making a loud commotion in the neighborhood, drawing attention to their covert narcotics operation. In lieu of arresting plaintiff they sought to issue a desk appearance ticket to plaintiff, and when plaintiff refused to divulge his name or present identification, they arrested him.
Plaintiff conceded at trial that he had refused to give the police his name.
The court submitted the following interrogatories to the jury and the jury gave the following responses:
“Question # 1:
“Did the defendant City acting by its police officers have reasonable cause to believe that one of the following crimes was committed?
“(1) Obstructing Government Administration_
“(2) Disorderly Conduct_
“Answer to Question # 1: Yes_No /
“Question # 2:
“Did the plaintiff contribute to the damages by refusing to give his name and date of birth?
“Answer to Question # 2: Yes /_ No_
“Question # 3:
“What was the percentage of fault of the defendant and what was the percentage of fault of the plaintiff?
“The percentage must equal 100%.
“Defendant 40%
“Plaintiff 60%
“Total must be 100%
“Question # 4:
“State the amount of damages plaintiff is entitled to recover for his false arrest on October 24, 1989 until his release from custody.
“Answer to #4: $40,000.00.”
Plaintiff’s counsel objected to questions Nos. 2 and 3. Plaintiff argues that since false arrest is an intentional tort, *656 there cannot be any diminution of the damage award based on the comparative fault of plaintiff in causing his arrest by refusing to give the police his name.
Plaintiff in his supplemental verified bill of particulars claimed that the police were negligent in failing to perform a sufficient investigation to determine his guilt. The defendant City claims that since plaintiff raised the issue of negligence, the plaintiff’s culpable conduct was a valid issue for the jury to consider.
Additionally, the defendant City argues that since plaintiffs action in failing to give his name was a contributing factor in the arrest, the jury properly considered plaintiffs culpable conduct in reducing the damages.
“In People v De Bour (40 NY2d 210, 223), we set out a four-tiered method for evaluating the propriety of encounters initiated by police officers in their criminal law enforcement capacity. If a police officer seeks simply to request information from an individual, that request must be supported by an objective, credible reason, not necessarily indicative of criminality. The common-law right of inquiry, a wholly separate level of contact, is ‘activated by a founded suspicion that criminal activity is afoot and permits a somewhat greater intrusion’ * * * Where a police officer has reasonable suspicion that a particular person was involved in a felony or misdemeanor, the officer is authorized to forcibly stop and detain that person. Finally, where the officer has probable cause to believe that a person has committed a crime, an arrest is authorized.” (People v Hollman, 79 NY2d 181, 184-185 [1992] [citation omitted].)
A police officer may not detain an individual where he has only a right to request information or has a common-law right of inquiry. (People v De Bour, 40 NY2d 210, supra.)
In People v Howard (50 NY2d 583 [1980]), the Court found that the police were justified in requesting information from the defendant. Although there was a basis for questioning, there was no basis for any greater level of intrusion. There had been no report of a crime and the police had not seen defendant do anything wrong. The Court held that although the police had a right to inquire, the defendant had a constitutional right not to respond.
Where there is no evidence of criminality, a party has a right to refuse to respond to police inquiry. (People v Madera, 189 AD2d 462, affd 82 NY2d 775.)
If the police had reasonable cause to believe that plaintiff had committed either the crime of obstructing governmental *657 administration or disorderly conduct, then the police would have had probable cause to arrest plaintiff, and in their discretion could have issued a desk appearance ticket. At that point, even if plaintiff had refused to identify himself, the police would have had a right to arrest plaintiff based on the reasonable belief that he had committed a crime.
However, in this case, the jury determined that the police did not have reasonable cause to believe that plaintiff had committed a crime. Thus, the police had no right to issue a desk appearance ticket to plaintiff, and plaintiff had no obligation to respond to the police.
The fact that plaintiff could have avoided arrest by identifying himself is of no moment.
Even if the police had sufficient cause to question plaintiff under the common-law right of inquiry, plaintiff had no obligation to respond.
Conduct can only be considered culpable where a party has a duty to act. In this case, plaintiff had no obligation to respond to the police. Plaintiff’s award of damages cannot be reduced based on the fact that he failed to respond to the police.
An argument may be made that this decision places the police in a quandary as to whether to arrest an individual to whom they wish to issue a desk appearance ticket when he refuses to identify himself. However, this is not so. If the police had sufficient reason to issue the desk appearance ticket, then the subsequent arrest is lawful. However, if it is later determined that the police had no basis to issue a desk appearance ticket, then the subsequent arrest is unlawful. The test is still whether the police had a reasonable cause to believe that a party committed a crime. If the police have probable cause to believe that a party has committed a crime, and the police opt to issue a desk appearance ticket, that party may be lawfully arrested when he refuses to identify himself.
“Street encounters between the patrolman and the average citizen bring into play the most subtle aspects of our constitutional guarantees. While the police should be accorded great latitude in dealing with those situations with which they are confronted it should not be at the expense of our most cherished and fundamental rights.” (People v Cantor, 36 NY2d 106, 112 [1975].)
In this case the jury determined that the police did not have reasonable cause to believe that plaintiff had committed a crime. It therefore follows that the police had no reason to is *658 sue a desk appearance ticket. Under these circumstances, plaintiff had no obligation to respond to the police, and his failure to respond cannot be considered culpable conduct which should reduce his award of damages.
Accordingly, plaintiffs motion is granted to the extent of vacating the jury’s findings on questions Nos. 2 and 3.
The clerk is directed to enter judgment in favor of the plaintiff and against the defendant in the sum of $40,000.